Filed 1/5/23  P. v. Quiroz CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>SERGIO QUIROZ,<br><br>    Defendant and Appellant. | G061569<br><br>(Super. Ct. No. 02CF3148)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, Elizabeth G. Macias, Judge.  Affirmed.

Athena Shudde, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

After a prima facie hearing for resentencing pursuant to Penal Code former section 1170.95 (now § 1172.6),[1] the trial court denied defendant Sergio Quiroz's petition for resentencing.  Appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), setting forth the facts of the case and requesting we review the entire record.  Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*), appointed counsel also identified three potential issues to assist in our independent review.  Quiroz was provided 30 days to file written argument on his own behalf, but he did not do so.

In the interest of justice, we have examined the entire record as well as appointed counsel's *Wende/Anders* brief and find no reasonably arguable issue.  (*Wende, supra,* 25 Cal.3d 436.)  We therefore affirm.

## FACTS[2] AND PROCEDURAL BACKGROUND

In 2004, a jury found Quiroz guilty of premeditated and deliberate attempted murder (§§ 664, subd. (a), 187, subd. (a)), criminal threats (§ 422), and two counts of street terrorism (§ 186.22, subd. (a)), all felonies.  The jury also found the attempted murder and criminal threats offenses were committed for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(A)), and that during the commission of the attempted murder, Quiroz personally discharged a firearm resulting in great bodily injury to another (§ 12022.53, subd. (d)).  Quiroz was sentenced to a prison term of 25 years to life on the attempted murder conviction and its related firearm enhancement.  A sentence

---

[1] Effective June 30, 2022, Penal Code section 1170.95 was renumbered section 1172.6, with no change in text.  (Stats. 2022, ch. 58, § 10.)  All further statutory references are to the Penal Code unless otherwise indicated.

[2] No new evidence was presented at the section 1172.6 prima facie hearing as the trial court considered only the record of conviction making specific reference to the jury instructions and verdict forms in the case and specifically excluded consideration of the preliminary hearing transcript.  Additional facts are not available via the prior opinion from Quiroz's first appeal, *People v. Quiroz* (Jan. 27, 2005, G034245) [nonpub. opn.].)

of life with a minimum parole eligibility of 15 years for the gang enhancement was imposed consecutively. He received concurrent terms on the remaining offenses. This court affirmed the judgment on direct appeal.

In December 2021, Quiroz filed a request for resentencing pursuant to former section 1170.95 and counsel was subsequently appointed for him. The People filed a response to Quiroz's petition, requesting the trial court deny the petition while counsel for Quiroz filed a brief requesting the trial court issue an order to show cause and conduct an evidentiary hearing on the resentencing request. After considering both briefs and argument from counsel, the trial court denied the resentencing petition, finding Quiroz had failed to establish a prima facie showing for relief. A statement of decision was issued by the trial court on July 13, 2022. Quiroz appealed.

ANALYSIS

Appellate counsel suggests three issues for our consideration in the *Wende/Anders* brief. The first issue is whether the procedural protections provided an appellant under *Wende* and *Anders* apply to appeals from orders denying postconviction relief under section 1172.6. While this appeal was pending, the California Supreme Court decided *People v. Delgadillo* (Dec. 19, 2022, S266305) 2022 Cal. LEXIS 7654 finding "the procedures set out in *Anders* and *Wende* do not apply to an appeal from the denial of postconviction relief." (*Delgadillo, supra,* at p. *10.) However, the court in *Delgadillo* set forth "a few basic procedures" courts of appeal should follow when considering an appeal from the denial of a section 1172.6 petition where appointed counsel has found no arguable issues to be pursued. (*Delgadillo, supra,* at p. *20-21.) In such instances, appointed counsel "should file a brief informing the court of that determination, including a concise recitation of the facts bearing on the denial of the petition; and . . . the court should send, with a copy of counsel's brief, notice to the defendant, informing the defendant of the right to file a supplemental letter or brief and

3

that if no letter or brief is filed within 30 days, the court may dismiss the matter. [Citations.]" (*Delgadillo, supra,* at p. *21.) "If the defendant subsequently files a supplemental brief or letter, the Court of Appeal is required to evaluate the specific arguments presented in that brief and to issue a written opinion." (*Ibid.*) If, however, "the defendant does not file a supplemental brief or letter, the Court of Appeal may dismiss the appeal as abandoned. [Citation.]" (*Id.* at pp. *21-*22.) "[T]he Court of Appeal is not barred from conducting its own independent review of the record" in these instances, but such review is "wholly within the court's discretion." (*Id.* at p. *22.)

Before *Delgadillo* was decided, another panel of this court in *People v. Flores* (2020) 54 Cal.App.5th 266, 268, also recognized "we are not *required* to independently review the record" in a postconviction appeal involving the application of former section 1170.95. However, "[w]hen we weigh the paramount liberty interests of petitioner, the modest fiscal and administrative burdens to the courts, and the possible (while presumably low) risk of a petitioner's unlawful incarceration due to an unreviewed meritorious issue on appeal, we lean toward caution. That is although it is not required under law, we think an appellate court can and should independently review the record on appeal when an indigent defendant's appointed counsel has filed a *Wende* brief in a postjudgment appeal from a summary denial of a [former] section 1170.95 petition." (*Flores, supra,* 54 Cal.App.5th at p. 274.) Following this court's reasoning in *Flores,* we have conducted such a review in this case and found no arguable issues.

As to appellate counsel's second and third issues regarding whether the trial court erred in denying Quiroz's petition for relief and whether this denial constituted prejudicial error, respectively, we find no arguable issue.

After receipt of a resentencing petition under section 1172.6, counsel shall be appointed to represent the petitioner, both parties may file briefs in respect to the petition, and the trial court shall then "hold a hearing to determine whether the petitioner has made a prima facie case for relief." (§ 1172.6, subd. (c).) At such hearing, the court

4

may rely on the record of conviction.  (*People v. Lewis* (2021) 11 Cal.5th 952, 970-971.)
Here, the relief under section 1172.6 would apply "only to attempted murders based on
the natural and probable consequences doctrine.  [Citation.]"  (*People v. Coley* (2022) 77
Cal.App.5th 539, 548.)  As indicated in the trial court's statement of decision, the court
considered the jury instructions and verdict forms, noting the jury was not instructed on a
natural and probable consequences theory and did not receive instructions under a theory
of liability that required malice be imputed to Quiroz for the attempted murder charge.

Using our independent analysis and judgment in a review of the entire
appellate record, we find no arguable issues.  Consequently, we affirm the trial court's
order denying Quiroz's postconviction relief.


DISPOSITION

The order denying the resentencing petition is affirmed.



MOTOIKE, J.

WE CONCUR:



O'LEARY, P.J.



MOORE, J.

5